UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIO FEDERICI, et al., | Case No.: C 09-4025 PVT |
| Plaintiffs, | **ORDER SOLICITING FURTHER SUPPLEMENTAL BRIEFING** |
| v. | |
| JESSE MONROY, et al., | |
| Defendants. | |
| AND RELATED THIRD PARTY CLAIMS | |

On January 12, 2010, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on the motion to dismiss brought by the Federal Deposit Insurance Corporation ("FDIC").[1] After the hearing, the court solicited supplemental briefing. The parties have now filed their supplemental briefs. In addition, Defendant JPMorgan Chase has filed a motion to dismiss, to which it has attached, among other things, a copy of a Grant Deed showing that the property at 657 Stanford Avenue, Redwood City, California (the Redwood City Property) was transferred to Lupita Leal Benavides[2] on March 24, 2006, five months *before* the date of the August 24, 2006 Deed of

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] According to Paragraph 2 of Mario Federici's Complaint, which Defendants specifically admitted in their Answer, Defendant Lupita L. Monroy is also known as Lupita Leal Benavides.

ORDER, *page 1*

Trust signed by Plaintiff (the "Deed of Trust"). Based on all briefs and arguments presented,

IT IS HEREBY ORDERED that, no later than February 16, 2010, the parties shall file further supplemental briefs addressing the significance of the fact that Lupita Monroy, aka Lupita Leal Benavides, already owned the Redwood City Property at the time Mario Federici signed off on the loan documents. Specifically, the parties shall address the issue of whether or not Defendants Jesse and Lupita Monroy have suffered any damages. There is no documentation in the record showing that the loan proceeds were paid out to any "seller" of the Redwood City Property. In the supplemental briefs, the parties shall address the issue of whether any losses caused by the cross-defendants' alleged misconduct must to exceed the amount the Monroys received from the $475,000 loan before they have suffered actionable "damages" such that their claims have "matured," and if not, whether the Monroys claims against the FDIC should be dismissed without prejudice as unripe.

IT IS FURTHER ORDERED that, in order to allow submission of evidence outside of the pleadings and the public record, the court will treat the FDIC's motion as one for summary judgment under Federal Rules of Civil Procedure 56. *See Celotex v. Catrett,* 477 U.S. 317, 326 (1986) (noting that courts may enter summary judgment *sua sponte* so long as the losing party was on notice that it had to come forward with all of its evidence).

Dated: *1/26/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge