UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MARIO FEDERICI, et al., | ) | Case No.: C 09-4025 PVT |
| Plaintiffs, | ) ) | **ORDER GRANTING REQUEST FOR JUDICIAL NOTICE; AND** |
| v. | ) ) | **ORDER TO SHOW CAUSE WHY *ALL*** |
| JESSE MONROY, et al., | ) ) | **CROSS-CLAIMS AGAINST JPMORGAN CHASE BANK, N.A. SHOULD NOT BE** |
| Defendants. | ) ) | **DISMISSED WITH PREJUDICE** |
| AND RELATED THIRD PARTY CLAIMS | ) ) | |

On January 22, 2010, Cross-Defendant[1] JPMorgan Chase, N.A. ("JPMorgan") filed a Motion to Dismiss First Amended Cross-Complaint, seeking dismissal of the third and fourth causes of action in the First Amended Cross-Complaint (the "FACC"), along with a Request for Judicial Notice..[2] Cross-Complainants Jesse and Lupita Monroy opposed the motion, but did not oppose the request for judicial notice. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted,

---

[1] The Monroys' pleading is technically a third party complaint. However, to avoid confusion the court will refer to it as a "cross-complaint," as that is the designation used by the parties.

[2] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

IT IS HEREBY ORDERED that JPMorgan's unopposed request for judicial notice is GRANTED.

IT IS FURTHER ORDERED that, no later than April 5, 2010, Cross-Claimants shall file a brief showing cause, if any, why all of their claims against JPMorgan in the FACC should not be DISMISSED with prejudice in light of the fact that all of their claims against JPMorgan are based solely on its status as successor in interest to Washington Mutual Bank ("WaMu"), and JPMorgan did not assume any liabilities in connection with WaMu's lending activities.

## I. FACTUAL BACKGROUND

On March 24, 2006, Enedina Salgado Madrigal granted certain real property located at 657 Stanford Avenue, Redwood City, California (the "Redwood City Property") to Lupita Leal Benavides (aka Lupita L. Monroy). On April 14, 2006, that grant deed was recorded in the official records of San Mateo County.

In August 2006, the Monroys asked Plaintiff Federici (who at the time was 88 years old) to be a co-signer on a $475,000 loan from WaMu, which they represented would enable them to purchase the Redwood City Property. On August 24, 2006, Federici executed a deed of trust in favor of WaMu for a loan in the original principal amount of $475,000, which was secured by Federici's residence located at 1436 Brookmill Road, Los Altos, California (the "Federici Property"). The deed of trust was recorded in the official records of the Santa Clara County Recorder on September 1, 2006.

On or about August 28, 2006, Ms. Monroy executed a deed of trust with assignment of rents encumbering the Redwood City Property for the benefit of Federici. On September 5, 2006, that deed of trust with assignment of rents was recorded in the official records of San Mateo County.

On September 25, 2008, the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver over WAMU. The FDIC sold certain assets and liabilities of WAMU to JPMorgan pursuant to a Purchase and Assumption Agreement (the "P&A Agreement") that allocated Washington Mutual's assets and liabilities between the FDIC and JPMorgan. *See*, P&A Agreement (available at http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf). As part of the P&A

Agreement, JPMorgan expressly disclaimed assumption of liability "arising in connection with [WaMu's] lending or loan purchase activities." P&A Agreement, § 2.5.)

On October 23, 2008, Federici filed a complaint against the Monroys in Santa Clara County Superior Court, alleging causes of action for breach of contract, fraud, and elder financial abuse, among other things. The Monroys originally cross-complained against WaMu, Carol Weber and JPMorgan, and later filed the First Amended Cross-Complaint to add the FDIC as an additional Cross-Defendant. The FDIC then removed the action to federal court.

In their FACC, the Monroys allege that Carol Weber, an employee of WaMu, negligently prepared the loan documents by improperly failing to list Federici as the guarantor on a loan to purchase the Redwood City Property, and by improperly causing the loan documents to be recorded against the Federici Property, instead of against the Redwood City Property. They allege negligent misrepresentations were made to them regarding these events, and that the Cross-Defendants breached fiduciary duties and engaged in unfair business practices.

## II. LEGAL STANDARDS ON MOTION TO DISMISS

### A. JUDICIAL NOTICE

A court may take judicial notice of facts that are "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." See, FED.R.EVID. 201. Requests to take judicial notice of government documents are generally granted. *See, e.g., Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir. 2004) (taking judicial notice of agreements to which a state entity was a party); and *Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 924 n. 3 (9th Cir.2002) (taking judicial notice of order from a federal agency).

### B. DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. Dismissal is warranted where the complaint lacks a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also*

*Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

A complaint may also be dismissed where it presents a cognizable legal theory, but fails to plead facts essential to the statement of a claim under that theory. *Robertson*, 749 F.2d at 534. The Supreme Court has held that, while a complaint does not need detailed factual allegations:

> "[a] plaintiff's obligation to provide 'grounds' of his 'entitle(ment) to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

### C. LEAVE TO AMEND

Leave to amend must "be freely given when justice so requires." Fed.R.Civ.P. 15(a). This policy is applied with "extraordinary liberality". *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). "[T]here exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). However, leave to amend may be denied if amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990).

### III. DISCUSSION

#### A. JUDICIAL NOTICE IS WARRANTED

Judicial notice of the deeds of trust on Plaintiff's Brookmill Road, Los Altos property, the grant deed and deed of trust on the Monroy's Redwood City property, and the P&A Agreement is warranted because they are each "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See,* FED.R.EVID. 201. By failing to oppose the request for judicial notice, Cross-Complainants essentially concede as much. And as to the P&A Agreement, other courts have already taken judicial notice of it. *See, e.g., Victoria v. JPMorgan Chase Bank*, 2009 WL 5218040, *1, n. 2 (E.D.Cal. Dec. 29, 2009). Thus, judicial notice of the P&A Agreement is warranted.

#### B. THE FACC DOES NOT APPEAR TO STATE *ANY* CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST CROSS-DEFENDANT JPMORGAN

JPMorgan moved to dismiss only the third and fourth causes of action in the FACC.

However, all of the claims in the FACC against JPMorgan are based solely on its status as successor in interest to WaMu. See FACC, ¶ 5. All of the alleged wrong-doing purportedly occurred in connection with WaMu's processing of its loan to Plaintiff Federici (which the Monroys claim should have been a loan to them). As noted above, pursuant to the P&A Agreement, JPMorgan explicitly did *not* assume any liability related to WaMu's lending activities. (P&A Agreement, § 2.5.) Specifically, Section 2.5 of the P & A Agreement states:

> 2.5 **Borrower Claims**. Notwithstanding anything to the contrary in this Agreement, *any liability* associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise *arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank*." (Emphasis added.)

Because all of the claims against Cross-Defendant JPMorgan are based on WaMu's lending activities, the liability for which was explicitly *not* assumed by JPMorgan in its purchase of WaMu's assets, it appears that the FACC does not state any claims upon which relief could be granted against JPMorgan. *See Yeomalakis v. F.D.I.C.*, 562 F.3d 56 (1st Cir. 2009) (denying borrower's motion to substitute JPMorgan for the FDIC and/or add JPMorgan as a necessary Defendant as the successor in interest to Washington Mutual based on the FDIC-JPMorgan P&A Agreement); *see also, e.g., Molina v. Washington Mut. Bank*, 2010 WL 431439, *4 (S.D.Cal. 2010) (taking judicial notice of the FDIC-JPMorgan P&A Agreement, and finding that "any of Plaintiffs' claims arising out of JPMorgan's alleged status as successor in interest to Plaintiffs' borrower claims against WAMU must fail"). Thus, it appears dismissal of all claims against Cross-Defendant JPMorgan would be warranted.

C. **LEAVE TO AMEND DOES NOT APPEAR TO BE WARRANTED**

Cross-Complainants have not requested leave to amend, and it does not appear to be warranted in any event because it would be futile. The P&A Agreement precludes any claims against JPMorgan based on WaMu's lending activities. While some courts have left open the

question of whether the P&A Agreement precludes claims based on WaMu's loan *servicing* activities (*see, e.g., Johnson v. Washington Mut.*, 2010 WL 682456, *4 (E.D.Cal. 2010)), no such claims appear to be available to Cross-Complainants under the circumstances of the present case. Cross-Complainants never became the borrowers on the WaMu loan at issue in this action, and thus cannot have any claims against JPMorgan based on WaMu's loan *servicing* activities.

The Monroys' claims against JPMorgan are based entirely on the fact they have been sued by Plaintiff in connection with the events surrounding the *origination* of the WaMu loan and the recording of the corresponding deed of trust against Plaintiff's property. Plaintiff has not asserted any claims against the Monroys based on WaMu's loan servicing activities. Because Plaintiff's claims against the Monroys do not implicate any loan servicing activities by WaMu, the Monroys would not be able to amend their FACC to bring their claims within the scope of liabilities that JPMorgan assumed under the P&A Agreement. Leave to amend would thus be futile. *See Biggins v. Wells Fargo & Co.*, 2009 WL 2246199 (N.D.Cal. July 27, 2009) (granting motion to dismiss by JPMorgan without leave to amend where lending-related claims were asserted against JPMorgan based solely on its status as WaMu's "successor in interest," and no issues regarding loan servicing were raised).

### IV. CONCLUSION

Cross-Complainants have asserted claims against JPMorgan based solely on its status as WaMu's "successor in interest." The only claims asserted in the FACC relate to WaMu's actions in connection with the origination of the WaMu loan at issue in this action. Pursuant to Section 2.5 of the P&A Agreement, JPMorgan explicitly did not assume liability for any such claims. Thus, it appears Cross-Complainants have not stated any claims upon which relief could be granted against Cross-Defendant JPMorgan. Cross-Complainants did not request leave to amend, and it appears it would be futile in any event under the present circumstances. Thus, dismissal of Cross-Complainants' claims against JPMorgan with prejudice appears to be warranted.

Dated: *March 25, 2010*

PATRICIA V. TRUMBULL
United States Magistrate Judge