UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIO FEDERICI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JESSE MONROY, et al., <br><br> Defendants. <br><br> AND RELATED THIRD PARTY CLAIMS | Case No.: C 09-4025 PVT <br><br> **ORDER G**RANTING IN **P**ART AND **D**ENYING IN **P**ART **FDIC'**S **M**OTION TO **D**ISMISS; AND **D**ISMISSING **C**ROSS-**C**LAIMS **A**GAINST THE **FDIC W**ITHOUT **P**REJUDICE TO **C**ROSS-**C**OMPLAINANTS **J**ESSE AND **L**UPITA **M**ONROY **F**ILING AN **A**CTION **A**GAINST THE **FDIC** IN A **P**ROPER **C**OURT; AND **R**EMANDING **R**EMAINING **S**TATE **L**AW **C**LAIMS TO **S**TATE **C**OURT |

On January 12, 2010, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on the motion to dismiss brought by the Federal Deposit Insurance Corporation ("FDIC"). After the hearing, the court solicited various rounds of supplemental briefing. The parties have filed all requested supplemental briefs. Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that the FDIC's motion to dismiss the Monroys' claims against it with prejudice is GRANTED IN PART and DENIED IN PART. The Monroys' claims against the FDIC are dismissed *without* prejudice to the Monroys filing an action against the FDIC in either the District Court for the Western District of Washington or the District Court for the District of Columbia.

IT IS FURTHER ORDERED that the remainder of this action is REMANDED to the Superior Court in and for the County of Santa Clara.

**I.  FACTUAL BACKGROUND**

On March 24, 2006, Enedina Salgado Madrigal granted certain real property located at 657 Stanford Avenue, Redwood City, California (the "Redwood City Property") to Lupita Leal Benavides (aka Lupita L. Monroy). On April 14, 2006, that grant deed was recorded in the official records of San Mateo County.

In August 2006, the Monroys asked Plaintiff (who at the time was 88 years old) to be a co-signer on a $475,000 loan from Washington Mutual Bank, N.A. ("WaMu"), which they represented would enable them to purchase the Redwood City Property. On August 24, 2006, Federici executed a deed of trust in favor of WaMu for a loan in the original principal amount of $475,000, which was secured by Federici's residence located at 1436 Brookmill Road, Los Altos, California (the "Federici Property"). The deed of trust was recorded in the official records of the Santa Clara County Recorder on September 1, 2006.

On or about August 28, 2006, Ms. Monroy executed a deed of trust with assignment of rents encumbering the Redwood City Property for the benefit of Federici. On September 5, 2006, that deed of trust with assignment of rents was recorded in the official records of San Mateo County.

On September 25, 2008, the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver over WaMu. The FDIC sold certain assets and liabilities of WaMu to JPMorgan pursuant to a Purchase and Assumption Agreement (the "P&A Agreement") that allocated WaMu's assets and liabilities between the FDIC and JPMorgan. (*See* P&A Agreement, available at http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf). As part of the P&A Agreement, JPMorgan expressly disclaimed assumption of liability "arising in connection with [WaMu's] lending or loan purchase activities." (*See* P&A Agreement, § 2.5.)

On October 23, 2008, Federici filed a complaint against the Monroys in Santa Clara County Superior Court, alleging causes of action for breach of contract, fraud, and elder financial abuse, among other things. The Monroys originally cross-complained against WaMu, Carol Weber and

JPMorgan. Later they filed a First Amended Cross-Complaint (the "FACC"), and subsequently named the FDIC as a "Roe" Cross-Defendant. The FDIC then removed the action to federal court.

In their FACC, the Monroys allege that Carol Weber, an employee of WaMu, negligently prepared the loan documents by improperly failing to list Federici as the guarantor on a loan to purchase the Redwood City Property, and by improperly causing the loan documents to be recorded against the Federici Property, instead of against the Redwood City Property. They allege negligent misrepresentations were made to them regarding these events, and that the Cross-Defendants breached fiduciary duties and engaged in unfair business practices.

## II. LEGAL STANDARDS

### A. DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction... ." *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A district court may *sua sponte* raise the question of subject matter jurisdiction. *See Hernandez v. McClanahan*, 996 F.Supp. 975, 977 (N.D.Cal. 1998).

In considering subject matter jurisdiction, the court "need not presume the truthfulness of the plaintiffs' allegations." *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Instead, the court may consider evidence presented on the jurisdictional issue and resolve factual disputes, if necessary. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

Where subject matter jurisdiction does not exist, the appropriate disposition is dismissal. *See* FED.R.CIV.PRO. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action" (emphasis added.)). The only exception to this mandate of dismissal is when it would be in the interest of justice to transfer the action to another court in which the action could have been brought at the time it was filed. *See* 28 U.S.C. § 1631 ("Section 1631").

Before dismissing a case for lack of jurisdiction, a court must *sua sponte* consider whether the case should be transferred pursuant to Section 1631. *See Miller v. Hambrick*, 905 F.2d 259, 262

(9th Cir. 1990). Section 1631 provides:

> "Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Where the putative transferee court would have lacked jurisdiction at the time the action was filed, transfer under Section 1631 is unavailable. *See, e.g., De Ping Wang v. Department of Homeland Sec.*, 484 F.3d 615, 618 (2nd Cir. 2007) ("Because we would have lacked jurisdiction over Wang's petition for review had it been filed in this Court 'at the time it was filed or noticed' in the District Court, transfer under § 1631 was not permitted.").

### B. JURISDICTION UNDER THE FINANCIAL INSTITUTION REFORM, RECOVERY, AND ENFORCEMENT ACT OF 1989

The Financial Institutions Reform and Recovery Enforcement Act of 1989 ("FIRREA") governs actions against failed depository institutions that have been placed in receivership. *See* 12 U.S.C. §§ 1821(d)(3)-(13). FIRREA puts broad restraints on judicial review; once the FDIC is appointed as receiver, a claimant must submit a claim to the FDIC before a federal court has jurisdiction. *See Henderson v. Bank of New Eng.*, 986 F.2d 319, 321 (9th Cir. 1993) ("[t]he statute bars judicial review of any non-exhausted claim, monetary or nonmonetary, which is 'susceptible of resolution through the claims procedure.'" *Ibid*.

Section 1821(d)(13)(D) provides that:

> "Except as otherwise provided in this subsection, no court shall have jurisdiction over-
>
> "(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver ... or
>
> "(ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver."

In section 1821(d)(6)(A), Congress limited the subject-matter jurisdiction of federal district courts to review administrative claims. Section 1821(d)(6)(A) provides:

"Before the end of the 60-day period beginning on the earlier of-

"(i) the end of the [180-day period the Receiver has to make a determination on a claim]; or

"(ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i),

"the claimant may request administrative review of the claim ... or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)."

Thus, a claimant must first submit its claim directly to the appointed receiver of the failed institution–here the FDIC. Once that review is complete, a claimant has 60 days to appeal the administrative decision to one of two courts: either (1) the United States District Court located in the failed institution's principal place of business; or (2) the United States District Court for the District of Columbia.

The 60-day filing deadline under FIRREA is "essentially a statute of limitations ... subject to waiver, estoppel and equitable tolling." *See Freeman v. FDIC*, 56 F.3d 1394, 1403 n. 2 (D.C.Cir. 1995). The Supreme Court has noted that equitable tolling is available in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 & n. 3 (1990), citing *Burnett v. New York Central R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (plaintiff timely filed complaint in wrong court).

### C. LEAVE TO AMEND

Leave to amend must "be freely given when justice so requires." Fed.R.Civ.P. 15(a). This policy is applied with "extraordinary liberality". *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). "[T]here exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). However, leave to amend may be denied if amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

### III.   DISCUSSION

#### A.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE MONROYS' CLAIMS AGAINST THE FDIC

The FDIC moved to dismiss on the grounds that the Monroys failed to timely file an administrative claim, and thus FIRREA deprives all courts of any jurisdiction over their alleged claims against the FDIC. However, before the court can consider whether or not the Monroys administrative claim was timely filed, it must determine whether it has jurisdiction over *that* issue.

The Monroys' claims against the FDIC are claims "relating to any act or omission of [WaMu]," and are thus subject to the limitations set forth in FIRREA *See* 12 U.S.C. § (d)(13)(D). FIRREA strictly limits jurisdiction over such claims to just two districts: the District of Columbia and "the district within which the depository institution's principal place of business." *See* 12 U.S.C. §§ 1821(d)(6)(A) & (d)(13)(D). Defendant WaMu's principal place of business is Seattle, Washington. Therefore, other than the United States District Court for the District of Columbia, the only court with jurisdiction over the Monroys' claims is the United States District Court for the Western District of Washington.

Because this court lacks jurisdiction over the Monroys' action against the FDIC, it cannot make any substantive determination with regard to whether or not the Monroys' administrative claim was timely filed, even if that determination would also relate to whether or not the court has subject matter jurisdiction. *See, e.g., Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In *Augustine*, the Ninth Circuit explained that:

> "where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Ibid*.

Here, whether the Monroys' administrative claim was timely filed is a key disputed substantive issue.[1] However, *this* court cannot await a determination on that issue on a motion going to the merits or at trial because only a court in the District of Colombia or the Western District of

---

[1] Similarly, the court has determined that the question of whether or not, prior to the claims bar date, the Monroys suffered any damages such that their claims against the FDIC had matured by that date, is too intertwined with the substantive claims to be decided as part of a jurisdictional determination.

Washington would have jurisdiction to preside at any such motion or trial. *See* 12 U.S.C. §§ 1821(d)(6)(A) & (d)(13)(D). Thus, the court cannot grant the motion to dismiss on the grounds put forth by the FDIC. However, it must grant the motion to dismiss on the grounds that, pursuant to FIRREA, it has no jurisdiction over the Monroys' claims against the FDIC to begin with because this court is not a court for either the District of Colombia or the district within which WaMu had its principal place of business. *See* 12 U.S.C. §§ 1821(d)(6)(A) & (d)(13)(D).

Although the court is granting the FDIC's motion to dismiss, the court denies the FDIC's request that the dismissal be "with prejudice." A dismissal for lack of jurisdiction is generally without prejudice. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir.1988) (per curiam) (dismissal for lack of subject matter jurisdiction should be "without prejudice so that a plaintiff may reassert his claims in a competent court"). Here, the Monroys may still file an action against the FDIC, they simply need to file it in one of the two available courts that have jurisdiction over their claims.[2]

### B. TRANSFER TO EITHER THE WESTERN DISTRICT OF WASHINGTON OR THE DISTRICT OF COLUMBIA IS NOT PERMITTED UNDER 28 U.S.C. SECTION 1631

Section 1631 only authorizes transfers to a court "in which the action or appeal could have been brought at the time it was filed." Here, neither the District Court for the Western District of Washington nor the District Court for the District of Columbia would have had jurisdiction of this case at the time it was filed because the Monroys had not yet filed *any* administrative claim at that time, and thus had not yet exhausted their administrative remedies.[3] *See* 12 U.S.C. §§ 1821(d)(6)(A) & (d)(13)(D); *see also, Henderson*, 986 F.2d at 321 (noting that FIRREA bars judicial review of any non-exhausted claims).

The Monroys filed their Cross-Complaint on March 25, 2009. They filed the FACC on June

---

[2] The court notes that the time within which the Monroys are required to file their appeal of the FDIC's denial of their claims has most likely been equitably tolled during the pendency of this action. *See Freeman*, 56 F.3d at 1403, n. 2; and *Irwin*, 498 U.S. at 96, n. 3.

[3] Because it is undisputed that the Monroys had not filed any administrative claim with the FDIC before adding the FDIC as a Roe Cross-Defendant, this issue is not "so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *See Augustine*, 704 F.2d at 1077. Thus, this court consider this issue.

26, 2009. On July 30, 2009, they named the FDIC as a Roe defendant of the FACC. On August 13, 2009, they filed their administrative claim with the FDIC. The FDIC denied the claim by letter dated October 5, 2009. Even if the court considered the Monroys' action against the FDIC to have been "filed" on the date that the Monroys added the FDIC as a Roe defendant, as of that date the Monroys had not yet filed *any* administrative claim with the FDIC, and thus *no* court had jurisdiction over the claims. *See* 12 U.S.C. §§ 1821(d)(6)(A) & (d)(13)(D).

Because neither the District Court for the Western District of Washington nor the District Court for the District of Columbia would have had jurisdiction over the Monroys' action against the FDIC "at the time it was filed," transfer under Section 1631 is unavailable. *See De Ping Wang*, 484 F.3d at 618. Absent authority to transfer the case, the court *must* dismiss it. *See* FED.R.CIV.PRO. 12(h)(3).

### C. LEAVE TO AMEND IS NOT WARRANTED

Cross-Complainants have not requested leave to amend, and it is not warranted in any event because it would be futile. From the facts alleged in the FACC, it is clear that there is no cause of action they can allege against the FDIC over which this court would have jurisdiction. Thus, leave to amend is not warranted.

### D. REMAND OF REMAINING STATE LAW CLAIMS IS WARRANTED

All remaining claims in the Complaint and Cross-Complainant are state law claims. Having dismissed the claims against the FDIC, the court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also, Foster v. Wilson*, 504 F.3d 1046, 1051-52 (9th Cir. 2007) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion"), and *Turner v. Wells Fargo Bank*, 2005 WL 1865421 (N.D.Cal. 2005) (remanding case to state court after claims against FDIC were dismissed).

Prior to the FDIC removing this action from state court, Plaintiff had obtained a preferential trial date due to his advanced age. The bulk of work done by this court has been directed at the complexities of FIRREA rather than the merits of the parties' state law claims and defenses. Under all of the circumstances, the court finds it appropriate to decline supplemental jurisdiction and

remand the case to state court.

**IV. CONCLUSION**

Because this court lacks jurisdiction over the Monroys' claims against the FDIC, and because transfer to another court is not available under 28 U.S.C. section 1631, dismissal of those claims is mandatory. Leave to amend is not warranted because it would be futile. Under all the circumstance of this case, the court finds it appropriate to decline supplemental jurisdiction over the state law claims and to remand the action back to state court.

Dated: *4/12/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge